UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MAURY TURNER, | ) |
| | ) |
|    Petitioner, | ) |
| | )   Case No.: 1:04-CV-474 |
| v. | )   (1:02-CR-36) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on December 17, 2004, by the Petitioner, Maury Turner ("Turner"), as well as Turner's Motion for Appointment of Counsel filed on that same date. The United States Attorney, on behalf of Respondent United States of America, filed a response to the motion on February 16, 2005. After requesting and having been granted an extension of time in which to do so, Turner filed a reply brief on April 26, 2005.[1] For the reasons set forth herein, both of Turner's motions are DENIED.

**I. BACKGROUND**

On March 28, 2001, a federal grand jury returned a one-count indictment against Turner alleging a violation of 21 U.S.C. § 844. Turner was charged with possession of more than five grams of "crack" cocaine. This charge was the basis for a criminal case against Turner docketed as Case Number 1:01-CR-24. At his arraignment on March 30, 2001, Turner pleaded not guilty

---

[1] Turner titled his reply brief "Response to Government's Motion." The government has not filed a motion in this case but, despite the title of the brief, it is clear that it was intended as a reply to the government's response to Turner's motion under § 2255, and will be referred to as such herein.

to the charge and was released from custody pending trial. He ultimately pleaded guilty to this charge on March 11, 2002, and, on September 9, 2002, he was sentenced to 63 months imprisonment. On March 14, 2002, three days after having entered his conditional plea of guilty in Case Number 1:01-CR-24, Turner was arrested again, this time on a charge of distribution of crack cocaine. Turner was charged in federal court on this offense by way of a criminal complaint filed on March 15, 2002. On March 27, 2002, a grand jury returned a two-count indictment against Turner, alleging violations of 21 U.S.C. § 860 (distribution of crack cocaine within 1,000 feet of a school) and 21 U.S.C. § 841(a)(1), (possession with intent to distribute crack cocaine). These charges were contained in the present case.[2] Turner pleaded not guilty in this second case, and proceeded to trial on those charges. On May 22, 2002, a jury found Turner guilty on both charges.

The sentencing hearings in these two cases were both held on September 9, 2002. As stated above, Turner was sentenced to 63 months imprisonment in the first case. In the present case, he was sentenced to 33 months on the first count (with 21 of those months to run concurrently with the sentence in Case Number 1:01-CR-24) and 12 months on the second count (with all 12 months to run concurrently with Case Number 1:01-CR-24).

Turner appealed both cases. The appeals were consolidated in the Seventh Circuit Court of Appeals and Turner's convictions were affirmed in their entirety on December 17, 2003. *See United States v. Turner*, 84 F.3d 670 (7th Cir. 2003) (unpublished opinion). Turner now seeks to have his sentence in this case vacated, set aside, or corrected.

---

[2] Turner has also filed a motion pursuant to § 2255 and motion for appointment of counsel in Case Number 1:01-CR-24. The court is issuing a separate Opinion and Order under that case number simultaneously with this Order.

2

**II.  DISCUSSION**

Turner asserts several grounds for relief in his § 2255 motion.  These include: 1) that his conviction was obtained as a result of what he claims was a coerced confession; 2) that his conviction was obtained as a result of an illegal search and seizure; 3) that certain evidence was not disclosed to Turner and his defense counsel in a timely fashion, which he claims was a violation of Fed.R.Crim.P. 16; 4) that the jury that convicted him was unconstitutionally selected and impaneled; and 5) that his conviction was the result of ineffective assistance of counsel.  For the reasons discussed herein, all of Turner's claims are without merit.

As the government correctly states in its response to the § 2255 motion, most of Turner's claims are procedurally barred.  *See,* Government's Response to Turner's § 2255 Petition, p. 3.  This is because "'[a] § 2255 motion is neither a recapitulation of nor a substitute for direct appeal.'" *Id*. (quoting *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995)).  In his appeal, Turner raised no issues whatsoever in this case.  *Turner*, 84 F.3d 670 (7th Cir. 2003) (" . . . Turner does not raise any issues with regard to [this] conviction.").  Thus, the court of appeals proceeded to address the only issue Turner presented, which was his challenge to this court's denial of his motion to suppress filed in Case Number 1:01-CR-24.

There are three types of issues that cannot be raised in a § 2255 motion.  These include:

> 1) issues that were raised on direct appeal, absent a showing of changed circumstances;
>
> 2) non-constitutional issues that could have been raised on direct appeal but were not; and
>
> 3) constitutional issues that were not raised on direct appeal, unless the petitioner can show cause for the procedural default as well as actual prejudice from the failure to appeal.

3

*Daniels v. United States,* 26 F.3d 706, 711 (7th Cir. 1994), (quoting *Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992)).  Although *res judicata* does not apply in § 2255 proceedings, "the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings."  *Taylor v. United States,* 798 F.2d 271, 273 (7th Cir. 1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 983 (1987).

In the present case, all of Turner's arguments involve constitutional issues with the exception of the third ground, which relates to the alleged untimely disclosure of evidence by the government.  Again, Turner failed to raise this issue on direct appeal and does not present any explanation for this failure.  Accordingly, this argument is procedurally barred.[3]

The other arguments Turner makes are all constitutional issues, and so they fall under the third category of claims which cannot be raised in a § 2255 motion absent a showing of cause for the failure to raise each issue on appeal, and a showing of actual prejudice resulting from that failure.

Turner first claims that his "conviction . . . was obtained by use of a coerced confession." Petitioner's Memorandum in Support of Motion, p. 1.  Turner elaborates by stating as follows: "During the interrogation at Fort Wayne/Narcotics offices, Petitioner was told to sign papers. Only at trial was Petitioner made aware that these papers were an advisal [sic] of rights form. This alleged confession to the crime was neither written nor videotaped; it never occurred."  *Id.*

---

[3] Even if this argument was not barred, it is still without merit.  Turner's argument with regard to this point is that the government failed to disclose to the defense certain witnesses who testified at trial.  However, as the government accurately points out, "[n]either Rule 16 nor applicable case law requires the government to disclose witnesses to the defense before trial." Government's Response, p. 7 (citing Fed.R.Crim.P. 16, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)), *United States v. Moore*, 936 F.2d 1508, 1514-1515 (7th Cir. 1991)), and *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987)).

4

Turner does not explain how a confession can be "coerced" when, at the same time, it allegedly "never occurred." That conundrum aside, the argument is still not valid. Turner never raised this issue before this court or in his appeal, and he fails to show any cause for this failure. He further fails to show any resulting prejudice. Turner does state that he has been prejudiced because he "continues to be held in Federal Prison pursuant to evidence gained unconstitutionally . . . ." Petitioner's Reply, p. 2. This statement actually is contained in Turner's argument that he was the victim of ineffective assistance of counsel. *Id.* However, as Turner is proceeding *pro se* in this action, the court infers from a more flexible and liberal interpretation of his pleadings that his attempt to demonstrate actual prejudice is based on the very fact that he was convicted and is now incarcerated. However, a showing of "actual prejudice" means more than simply an outcome with which the petitioner is dissatisfied. Rather, actual prejudice only exists "where an error has a substantial and injurious effect or influence in determining a jury's verdict." *Mankarious v. United States*, 282 F.3d 940, 944 (7th Cir. 2002) (citing *Jenkins v. Nelson*, 157 F.3d 485 (7th Cir. 1998)). See, e.g., *United States v. Hughes*, 310 F.3d 557 (7th Cir. 2002) (where trial court denied defendant's motion to sever his trial from that of his co-defendants, defendant was required to show on appeal that he could not receive a fair trial without severance, not simply that separate trials might have provided him a better chance of acquittal). Turner fails to set forth any facts or arguments that demonstrate that the jury's determination of his guilt was somehow unduly or unfairly influenced by the allegedly "coerced" confession. Furthermore, as the government points out in its response brief, some of Turner's complaints with regard to his confession–that it was not in writing or on videotape, and that it never occurred at all–"have nothing to do with coercion." Government's Response, p. 4. The

5

government also argues that Turner's allegation that his confession was obtained only after he signed what he allegedly did not realize until later was an advice of rights form, "is unsupported, self-serving and is inconsistent with the evidence admitted at trial." *Id*. The government's argument is well taken in light of the evidence presented at trial. The testimony and documentary evidence admitted during trial completely belies Turner's assertions in his § 2255 motion.

As a result of the foregoing, Turner fails to establish good cause (or any cause for that matter) for having failed to raise this issue on direct appeal, and he further fails to establish any actual prejudice as a result of the alleged error. The failure of a petitioner under § 2255 to establish *either* cause *or* prejudice requires the denial of the motion with regard to those arguments. Therefore, Turner's arguments with regard to the validity of (or the very existence of) his confession in this case must be dismissed.

Turner next contends that his "conviction in this judgment was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure." Petitioner's Memorandum, p. 1. In support of this contention, Turner states as follows:

> The Fort Wayne Police Department conducted a traffic stop, pulled Petitioner out of his vehicle, handcuffed him, and transported him to the Fort Wayne Police Department/Narcotics Division. Petitioner's car was not searched in his presence or person where the alleged "buy money" and crack [cocaine] was alleged to be found. The Xerox photo of the evidence entered at trial is in contradiction to what the officers say that they confiscated from Petitioner's vehicle. The search and seizure was rendered unlawfully because there was insufficient evidence to suspect Petitioner of a crime. There was no "controlled buy;" agents testify to this fact [sic]. There was a lack of proof regarding the confidential informant. There was no cocaine on the person.

*Id*., pp. 1-2. Again, this allegation of an illegal search and seizure was never raised before this court or the court of appeals, and Turner does not establish any cause for this procedural default.

6

In addition, as the government argues, "[t]his allegation is conclusory and [Turner] fails to present any evidence to support this claim. In fact, all of the factors he refers to . . . in making his illegal search claim are either not relevant to the question of the validity of a search or so non-specific as to be worthless." Government's Response, pp. 4-5. Turner's assertion that his conviction was the result of an illegal search and seizure is completely contrary to the overwhelming evidence presented at trial.[4] Turner presents no evidence in support of his contentions. And, as stated, he makes no showing of cause for having not raised this issue in his direct appeal, and no showing of actual prejudice as a result. Therefore, these claims must also be denied.

Turner also claims that the jury selected to hear his case was "unconstitutionally selected and impanelled [sic]." He argues that "[o]nly one black man was in voir dire. The jury was nearly entirely composed of 'white women' with only two 'white males.' They were alternates. Because the Petitioner is a black man and only 28 years of age at the time of these proceedings, Petitioner was not properly judged by a jury of his peers." Petitioner's Memorandum, p. 2. This argument, like Turner's others, is without merit. First, he again failed to raise the issue in his direct appeal and demonstrates no cause for that failure, nor does he establish how the jury selection process in this case may have prejudiced him. Second, the Constitution does not require racial balance on juries and certainly does not require that jurors are of the same approximate age as a defendant. The Constitution does, of course, as the government points out, mandate that there be no "infirmities in the juror selection process that divert minorities away from jury service." Government's Response, p. 5 (citing *Garrott v. United States*, 238 F.3d 908

---

[4] *See, generally,* Transcript of Trial Proceedings Held May 22, 2002.

(7th Cir. 2001)).

In order to sustain a colorable claim of a Sixth Amendment violation based on a challenge to the make up or impartiality of a jury, "a defendant must demonstrate three factors: (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under representation is due to systematic exclusion of the group in the jury selection process." *Humphrey v. United States*, 896 F.2d 1066 (7th Cir. (Ill.)), *cert. denied*, 498 U.S. 938 (1990) (citing *Duren v. Missouri*, 439 U.S. 357 (1979)).  Of course, African-Americans are clearly a "distinctive" group in the community for purposes of a jury impanelment challenge.  *Id*., 896 F.2d at 1069. However, Turner fails to establish, or even to allege, that the absence of more African-Americans on the jury that convicted him was the result of an unfair or unreasonable representation of that group of citizens in the venires from which juries are selected in this court. He certainly presents no evidence (and again, not even an allegation) that any alleged under representation is "due to a systematic exclusion" of black citizens from the selection process. Rather, Turner merely complains that his jury was not made up of his "peers," a group he perceives as being only black males who are approximately 28 years of age.  A defendant's "'mere observation that there were no African-Americans on a panel that was drawn from a population containing African-Americans simply is not sufficient to demonstrate any systematic exclusion.'" *United States v. Cooke*, 110 F.3d 1288, 1301 (7th Cir. 1997) (quoting *United States v. Guy*, 924 F.2d 702, 706 (7th Cir. 1991)).  Since he fails to present a prima facie case of a Sixth Amendment violation, coupled with the fact that any such claim has been procedurally defaulted,

this argument fails.

Finally, Turner contends that his conviction was the result of ineffective assistance of counsel in this case.[5] In support of this argument, Turner asserts that his court-appointed attorney was ineffective due to the following alleged acts or omissions:

> [C]ounsel was grossly ineffective by allowing the government to put witnesses on the stand that were not disclosed to the defense through discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. . . . By not objecting to admission into evidence an alleged admission without written or taped support, counsel proved his ineffectiveness. . . . Counsel also proved to be grossly ineffective by the fact that he did not cross examine the alleged admission that there was essentially no "controlled buy," no "search affidavit," and no proof the Petitioner committed the conduct alleged in the instant offense. Counsel also failed to question the validity of the discovery of the buy money and why it was done so secretly. Counsel proved his ineffectiveness by failing to address all of the foregoing issues during the conduct of the Petitioner's defense.

Petitioner's Memorandum, pp. 2-3.

To make out a successful ineffective assistance of counsel claim, the petitioner must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial. See *Strickland v. Washington*, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because one must show both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim, a failure to show one or the other will defeat the claim.

"With regard to the performance prong, [the] defendant must direct the court to the specific acts or omissions which form the basis of his claim. The court must then determine

---

[5] A claim of ineffective assistance of counsel cannot be procedurally barred for failure to raise the issue in direct appeal, as is the case with most other issues. *See, Fuller v. United States*, 398 F.3d 644 (7th Cir. 2005) (citing *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690 (2003)).

whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance." *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). "Moreover, claims that an attorney was ineffective necessarily involve inquiries into an attorney's trial strategies, which in turn requires facts which usually are not contained in the trial record. As such, many trial determinations, like so many 'other decisions that an attorney must make in the course of representation[, are] a matter of professional judgment.'" *Id.* (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1382 (7th Cir.1991)). Thus, the Court must not second guess trial counsel, evaluating the conduct from counsel's perspective at the time, and indulging a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir.1991), all the while resisting the natural temptation to become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir.1990).

If a petitioner satisfies the performance prong, he must then fulfill the prejudice prong by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir.1994). "In making the determination whether the specified errors resulted in the required prejudice, a court should presume ... that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

In this case, Turner's claim of ineffective assistance of counsel is based merely on conclusory allegations about the acts or omissions of his trial attorney. And, most of the objections he presents to his attorney's handling of his case during trial are recapitulations of arguments he made in an attempt to support his other claims in his § 2255 motion. For example,

10

Turner claims his lawyer's failure to object to the introduction of government witnesses at trial who were not previously disclosed to the defense is baseless, given the discussion above on this very issue. Likewise, Turner's argument that his attorney should have objected to the admission of testimony regarding his confession since it was not in writing or otherwise recorded, is meritless also for reasons already discussed. Turner's last argument, that his attorney was ineffective due to his failure to raise some sort of issue of whether the drug buy that resulted in Turner's arrest was "controlled," and the lack of a "search affidavit," are unavailing.[6] Turner fails to state precisely how this alleged failure constituted "deficient performance" on the part of his attorney, and he further fails to establish that the result of the trial would have been different had his attorney offered such objections.

Turner elected to proceed to trial in this cause. In this court's assessment, both counsel for Turner and counsel for the government proceeded in a very competent and professional manner. Turner's counsel conducted cross-examination of witnesses and presented numerous objections, although not the specific objections Turner claims he should have made. But Turner's subjective assessment of his attorney's conduct and strategy, especially in light of his conviction, and his conclusory allegations about his lawyer's alleged failures, do not establish either prong of the test set forth in *Strickland*. Since Turner cannot show either deficient performance or prejudice resulting therefrom, his claim of ineffective assistance of counsel must be denied.

---

[6] To the extent that these are, in actuality, Fourth Amendment arguments, Turner failed to raise them in a pre-trial motion to suppress, or during trial, or after the close of evidence, or in his direct appeal. Accordingly, they would be procedurally barred as a result.

As stated at the outset of this Order, Turner has also filed a motion for appointment of counsel in this case. With regard to that motion, and Turner's accompanying "Request to Proceed In Forma Pauperis," that is also denied. Since the court has determined that this § 2255 motion must fail, there is obviously no basis for the appointment of counsel in this case.

One final point must be made. A petitioner who has a § 2255 motion denied can, under certain circumstances, appeal that denial. However, pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). Seventh Circuit Rule 22.1, which addresses certificates of appealability, states in relevant part:

> The procedures of Fed.R.App.P. 22(b) apply to requests for certificates of appealability in actions under 28 U.S.C. § 2255....A district judge who concludes that the amendments to 28 U.S.C. § 2253(c) prevent that court from acting on the request for a certificate of appealability should nonetheless state how the judge would have ruled, were the court authorized to take dispositive action.

Circuit Rule 22.1(a) and (c). Thus, it falls to this court to determine whether a certificate of appealability should issue in the present case, or at least to state how it would rule on such a request.

Section 102 of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253. The Seventh Circuit has held that in order to obtain a Certificate of Appealability, "[a] petitioner...must . . . demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997) (quoting *Barefoot v. Estelle*, 463 U.S.

12

880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n.4 (1983)).

The standard for determining whether to issue a Certificate of Appealability has been set forth by the United States Supreme Court as follows:

> [P]robable cause requires something more than the absence of frivolity [and] the standard [for issuance of a certificate of probable cause] is a higher one than the 'good faith' requirement of § 1915....[A] certificate of probable cause requires petitioner to make a 'substantial showing of the denial of a federal right....'Obviously the petitioner need not show that he should prevail on the merits.  He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* (internal quotations and citations omitted).

In this case, given the foregoing discussion, it cannot be said that the issues presented are debatable among jurists of reason or that the questions presented in Turner's petition are adequate to deserve encouragement to proceed further.  As such, any request for a Certificate of Appealability presented to this court will be denied.

## CONCLUSION

For the reasons set forth herein, the Motion to Vacate, Set Aside, or Modify Sentence by a Person in Federal Custody filed by Petitioner Maury Turner is DENIED.  The Motion for Appointment of Counsel is also DENIED.

Dated: June 20, 2005.

    /s/    William C. Lee
William C. Lee, Senior Judge
United States District Court
Northern District of Indiana

13